UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DYNE WILLIAMS, § | | |
| No. 1264434, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | NO. 3:07-CV-0602-M | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court dated April 5, 2007, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner Michael Dyne Williams ("Williams" or "Petitioner") is confined at the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Huntsville, Texas. Respondent is the Director of the TDCJ-CID.

Statement of the Case: Williams pled not guilty in cause number F03-53706-TI to one count of intoxication manslaughter enhanced by two prior felony convictions. After a jury trial, Petitioner was found guilty. Before sentencing, Petitioner pled true to the enhancement

1

paragraphs in the indictment. The jury sentenced Williams to life imprisonment.

Petitioner appealed his sentence to the Fifth District Court of Appeals and on January 18, 2006, the court affirmed the trial court's judgment. *Williams v. State*, No. 05-04-01681-CR, 2006 WL 121949 (Tex. App. – Dallas January 18, 2006).

On May 10, 2006, pursuant to Texas Code of Criminal Procedure article 11.07, Williams filed a habeas application challenging his conviction. *Ex parte Williams*, Appl. No. WR-31,625-03. On June 7, 2006, his application was dismissed pursuant to Texas Code Crim. Proc. art 11.07, §§ 1, 3(a)-(b) because Williams' direct appeal was still pending as mandate had not yet issued from the Court of Appeals. *Id*. Williams again filed a habeas application on January 22, 2007. *Ex parte Williams*, Appl. No. WR-31, 625-04. The application was denied by the Texas Court of Criminal Appeals without written order on February 28, 2007. *Id*.

Petitioner filed the instant petition on April 5, 2007. On July 11, 2007, Respondent filed his answer. Petitioner filed his reply on July 30, 2007.

<u>Findings and Conclusions</u>: Review of Williams' claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") because he filed his Section 2254 petition after the effective date of the AEDPA. The AEDPA, in pertinent part, provides that a federal court cannot grant relief under Section 2254 of the act unless the adjudication of a state prisoner's claim in the state court system, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C § 2254(d)(1)-(2) (1996). Findings of fact made by a state court are

presumed to be correct absent clear and convincing evidence rebutting the presumption. § 2254(e)(1). Where a petitioner challenges a state court's application of federal law under Section 2254(d)(1), the petitioner must also show that the state court's decision was not only erroneous, but objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1(2003) (citing *Williams v. Taylor*, 529 U.S. 362, 409, 120 S.Ct. 1495, 1521 (2000)); *see also Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 421 (2004) ("[F]ederal habeas relief is only merited where the state court decision is both incorrect and objectively unreasonable.").

Where state habeas relief is denied without an opinion, the AEDPA inquiry is not altered. *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154, 124 S. Ct. 1156 (2004). In such a situation, a federal court: "(1) assumes that the state court applied the proper 'clearly established Federal law' and then (2) determines whether its decision was contrary to or an objectively unreasonable application of that law." *Id*.

PROSECUTORIAL MISCONDUCT CLAIM

Williams complains that the prosecutor improperly commented on his right to remain silent during closing arguments. Respondent argues that this argument is procedurally barred because Williams failed to lodge a contemporaneous objection at the time the prosecutor made her comments at trial. Generally, federal review of a habeas claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S. Ct. 2546 (1991). Where, as here, the Texas Court of Criminal Appeals' decision denying habeas relief with respect to the lower court's decision was made without a written order, the court looks to the last

3

reasoned state judgment rejecting the claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594 (1991) ("where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground"); *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999)(citing *Ylst* as basis for "look[ing] through" the Texas Court of Criminal Appeals' unreasoned decision to the decision of the intermediate appellate court on direct appeal). The last reasoned state judgment addressing Petitioner's prosecutorial misconduct claim explicitly and unambiguously relied on Petitioner's failure to object in denying relief on this issue. *See Williams v. State*, No. 05-04-01681-CR, 2006 WL 121949, at *3 (Tex. App. – Dallas January 18, 2006) ("[b]ecause appellant did not object to the complained of jury argument at trial, his complaint is waived on appeal"). Petitioner has not demonstrated cause for the default and actual prejudice nor that failure to consider this claim – particularly in light of the evidence presented – could result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S. Ct. at 2565. Therefore, merits review of this ground is procedurally barred.

### *MIRANDA* CLAIM

Williams next claims that the trial court erred when it admitted videotapes of field sobriety tests administered to him by a law enforcement officer and his responses to the officer's questions. Williams argues that his *Miranda* waiver was involuntary due to intoxication and, therefore, the videotape was inadmissible. The trial court determined that no *Miranda* violation occurred and that Petitioner's waiver was voluntary.[1] In its opinion affirming the trial court, the

---

[1] To the extent that Petitioner seeks relief for the trial court's failure to comply with Tex. Code of Crim. Proc. Art. 38.22, section 6, relief is denied. "Whether the state followed its own procedure is not the concern of a federal habeas court." *Manning v. Blackburn*, 786 F.2d 710, 712 (5th Cir. 1986).

Fifth Court of Appeals held trhat: "Even assuming the trial court erred in admitting the videotape [because Williams's *Miranda* waiver was involuntary], we conclude [he] was not harmed based on the evidence admitted at trial."[2] *See Williams v. State*, No. 05-04-01681-CR, 2006 WL 121949, at *1 (Tex. App. – Dallas January 18, 2006).

The Court of Criminal Appeals' denial of relief in his *Miranda* violation claim was not contrary to clearly established federal law nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Under *Miranda v. Arizona*, statements made by a defendant during custodial interrogation may not be used against him at trial unless procedural safeguards are employed to protect the defendant's Fifth Amendment privilege against self-incrimination. *Miranda*, 384 U.S. 436, 478-79, 86 S.Ct. 1602, 1630 (1966). These procedural safeguards include the *Miranda* warnings. A defendant may waive effectuation of the rights conveyed in the warnings "provided the waiver is made voluntarily, knowingly and intelligently." *Id*. at 475, 1628.

Petitioner argues that his intoxication rendered his waiver of rights involuntary.[3] The Fifth Circuit has held that a waiver is not necessarily involuntary where the defendant is intoxicated at the time. *See U.S. v. Andrews*, 22 F. 3d 1328, 1340-41 (5th Cir. 1994). Further, in proceedings under Section 2254, an alleged federal constitutional error is considered harmless

---

[2]The court cited *McCarthy v. State*, 65 S.W.3d 47, 52 (Tex. Crim. App. 2001), which applies the identical standard in a direct appeal to that which the United States Supreme Court established in *Chapman v. California*, 386 U.S. 18, 24, 875 S.Ct. 824 (1967).

[3]Petitioner is not entitled to habeas relief with respect to the officer's administration of field sobriety tests, which constitutes the beginning of the first videotape at issue. Such field sobriety tests constitute physical evidence, are not "testimonial" and, therefore, are not subject to the privilege against self-incrimination. *Pennsylvania v. Muniz*, 496 U.S. 582, 591 (1990).

unless it "had substantial and injurious effect or influence in determining the jury's verdict." *Fry v. Piller*, 127 S.Ct. 2321, 2325 (2007) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710 (1993)).

Petitioner was charged with intoxication manslaughter. Two eyewitnesses, a police officer at the scene and an individual walking with the victim, testified at trial that they observed Petitioner speed through a red light, failing to apply his brakes until he entered the intersection and hit the victim, killing him immediately. *See* Trial Record (hereinafter "R."), Vol. 3, pp. 22-23, 146-153. Petitioner smelled of alcohol, failed a number of field sobriety tests and registered a blood alcohol level of .19 more than two hours after the accident. R., Vol. 3, pp. 34-35, 186-194; Volume 4, p. 52. Petitioner had no reaction to the fact that he had killed the victim. R., Vol. 3, pp. 194-96. In light of this evidence, it cannot be said that Petitioner's statements on the videotape (i.e., that he had hit someone in an accident that evening, that he had consumed two beers, that he did not have car insurance or a driver's license) had a substantial and injurious effect or influence in determining the jury's verdict. Therefore, Petitioner is not entitled to habeas relief under Section 2254.

ILLEGAL SENTENCE CLAIM

Petitioner finally claims that he received an illegal sentence because the enhancement offenses used to enhance his punishment were state-jail felonies, which cannot be used to enhance a non-state-jail felony offense. Respondent argues that Williams has not exhausted his state remedies regarding his claim with respect to the enhancement offense of burglary of a building and that his sentence was otherwise legal.

Under Section 2254(b)(1)(A), an application for a writ of habeas corpus shall not be granted unless it appears that the applicant has "exhausted the remedies available in the courts of the State." A petitioner satisfies the exhaustion requirement when "the substance of the federal habeas claim has been fairly presented to the highest state court." *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004) (citing *Duncan v. Henry*, 513 U.S. 364, 366, 115 S. Ct. 887, 888 (1995) and *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999)). A claim is "fairly presented" to the highest state court if there has been, for example, "(1) reliance on pertinent federal cases employing relevant constitutional analysis, (2) assertion of the claim in terms sufficiently particular as to 'call to mind' a specific right protected by the Constitution, or (3) allegations of a pattern of facts that is well within the mainstream of constitutional litigation." *Soffar*, 368 F.3d at 465 (citations omitted). Although it appears that a variation of this ground was raised in his direct appeal, Williams did not assert it in his article 11.07 application on which relief was denied, i.e. Application No. 31, 625-04. Since no petition for discretionary review was filed, this ground was not fairly presented to the state courts for disposition. *See, e.g., Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985). Therefore, this ground is unexhausted. Further, any attempt to exhaust state remedies in a subsequent article 11.07 application would result in a dismissal for abuse of the writ. *See* article 11.07 § 4 and *Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997). Accordingly, merits review of this claim is procedurally barred.

Alternatively, if reviewed on the merits, this ground should be denied. Federal habeas "relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law." *Haynes v. Butler*, 825 F.2d 921, 923-924 (5th Cir. 1987). Petitioner claims his sentence is illegal because it is outside the

statutory maximum. Under Texas law, intoxication manslaughter is a second degree felony. Tex. Pen. Code § 49.08(b). However, if it is shown that the defendant has *any* prior felony convictions, the offense is punishable as a first degree felony. *Id*. § 12.42(b). Petitioner pled true to *both* enhancement offenses of endangering a child and burglary of a building. He did not object to the burglary enhancement offense. Even if only the burglary enhancement conviction was available to enhance the punishment range, a sentence of life imprisonment is within the legal range for a second degree felony conviction enhanced by one other prior felony conviction. *Id*. § 12.32. "If a sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an 'arbitrary or capricious abuse of discretion,' or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty." *Haynes*, 825 F.2d at 924. Petitioner has made no such showing and, therefore, is not entitled to habeas relief on this issue.

**RECOMMENDATION:**

For the foregoing reasons, Williams has failed to demonstrate that the Court of Criminal Appeals' denial of his article 11.07 application was objectively unreasonable and therefore his petition should be denied. *See* § 2254(d)(1)-(2).

A copy of this recommendation will be transmitted to Petitioner and counsel for the Respondent.

Signed this 10th day of December, 2007.

*Wm. F. Sanderson, Jr.*

Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.